UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED FINANCIAL CASUALTY COMPANY :
:
    vs. :
: C.A. No.:
HARVEST TIME DISTRIBUTORS,INC., :
LORI SAGAR, As Administratrix of the :
Estate of THOMAS SAGAR and :
NATHAN LEVESQUE :

## COMPLAINT FOR DECLARATORY RELIEF

### Parties

1. Plaintiff, United Financial Casualty Company ("United"), is an insurance company incorporated in the state of Ohio with a principal place of business in Mayfield, Ohio, which is licensed by and doing business in the state of Rhode Island.

2. Defendant Harvest Time Distributors, Inc. ("Harvest"), is a Rhode Island corporation with a principal place of business in Gloucester, Rhode Island.

3. Defendant Lori Sagar, as Administratrix of the Estate of Thomas Sagar ("the Estate"), is a resident of Gloucester, Rhode Island.

4. Defendant, Nathan Levesque ("Levesque"), is a resident of Pawtucket, Rhode Island.

### Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000. This court further has jurisdiction over this action pursuant to 28 U.S.C. §2201 because an actual controversy exists between the parties and a declaration of the rights, duties, status and obligations between the parties is sought.

6. Venue in this Court is appropriate because three of the defendants are residents of the state of Rhode Island and this action arises out of an insurance policy issued in the state of the Rhode Island.

## **Factual Background**

7. At all times relevant hereto, Harvest was in the business of wholesale trucking and distribution of goods.

8. At all times relevant hereto, United had issued a Commercial Auto Insurance policy #07798588-5 to named insured Harvest with a policy period of January 22, 2016 to January 22, 2017 ("the Policy").

9. The Policy listed three covered vehicles including a 2006 Mitsubishi FM61f ("the Truck") and three rated drivers: Thomas Sagar ("Sagar"), Gary Gagne and Matthew Coy.

10. Sagar, an owner of the business, was Harvest's only driver who was an employee of the corporation with wages reported as employee compensation on Form W-2.

11. All of Harvest's drivers other than Sagar were independent contractors who were paid an hourly wage reported to them by Harvest as 1099 "nonemployee compensation".

12. Sometime in the early morning hours of November 22, 2016 Sagar was found dead, lying in the parking lot of the Amazon warehouse in Stoughton, Massachusetts where he had taken the Truck to pick up a load from Amazon for delivery ("the Incident"). The Truck was found up against a tree, running and in drive a short distance from Sagar's body. His injuries were consistent with having been run over by the Truck.

13. Leveque had previously been hired as an independent contractor driver by Harvest through Sagar and was to begin work later in the week of the Incident. Earlier during the evening of November 21, 2016, Leveque had spent three hours riding along with Sagar in the Truck as a trainee in order to become familiar with the route Levesque would ultimately be handling.

14. Levesque rode with Sagar in the Truck on November 21, 2016 from approximately 8:15 pm until approximately 11:30 pm when Sagar returned Levesque to his car in a parking lot in Attleboro, Massachusetts where Sagar had originally picked up Levesque. Levesque was to be paid for three hours at $20/hour for his training that night.

15. The route driven by Sagar with Levesque in the Truck on the night of the incident took them to the Amazon Warehouse where they made a pick-up just after 9:00 pm which they then delivered to a postal facility in Providence, Rhode Island at about 10:47 pm, leaving the postal facility at 10:53 pm, before returning Levesque to the South Attleboro parking lot just before

11:30 pm. Sagar then returned to the Amazon Warehouse to make another scheduled pick-up at 2:00 am on November 22, 2016.

16. Levesque was investigated following the Incident by the Massachusetts State Police who confirmed his account that he was not present at the time of Sagar's death and no charges of any kind were ever asserted against Levesque.

17. In May of 2018, the Estate commenced a civil action in Providence County Superior Court against Levesque, C.A. No. 2018-3095, asserting, inter alia, that "there is a question as to whether or not" he was present at the time of the Incident and alleging that Levesque's negligence caused Sagar's death ("the Civil Action").

18. Levesque demanded a defense to the Civil Action under the Policy and United is providing him with a defense under a reservation of rights.

19. The Policy contains an exclusion at page 9 ("the Exclusion") as follows (*capitalization and bold emphasis in original)*:

**PART I – LIABILTY TO OTHERS**

**. . .**

**EXCLUSION – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY, IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

. . .

    5.    **Employee Indemnification and Employer's Liability Bodily injury** to:

        a.    An employee of an **insured** arising out of or within the course of:
            (i)    That employee's employment by any **insured**; or
            (ii)   Performing duties related to the conduct of any **insured's** business; . . .

        . . .

    This exclusion applies:

      a.    Whether the **insured** may be liable as an employer or in any other capacity; . . .

20. "Insured" is defined by the Policy to mean "**You** with respect to an insured auto" or "Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire or borrow . . ." Page 6. *Emphasis in original*.

21. "You, your and yours" is defined by the Policy to mean "the named insured shown on the **declarations page"** (page 5), while "insured auto" is defined as "[a]ny auto specifically described on the **declarations page** . . ." Page 2. *Emphasis in original*.

22. Harvest is the named insured shown on the Policy's declarations page.

### **Declaratory Judgment Count**

23. United hereby incorporates the allegations contained in paragraphs 1 through 22, above, as if restated in full herein.

24. Under the terms of the Policy, including the Exclusion, there is no coverage afforded for Sagar's bodily injury because he was an employee of the insured, Harvest, at the time of the loss and his bodily injury arose out of, within in the course of and while performing duties related to the conduct of Harvest's business.

25. As a consequence of the Exclusion and the lack of coverage, United has no obligation to continue to provide a defense to Levesque or to indemnity him in connection with the Civil Action.

26. A dispute has arisen between United, Harvest and Levesque relative to their respective rights, duties, status and obligations under the Policy.

27. There is no adequate remedy at law save these proceedings.

### **Prayers for Relief**

WHEREFORE, United Financial Casualty Company requests that this Court declare the rights, duties, status and obligations of the parties as follows:

    a.    that an Order enter that the claims asserted in the Civil Action against Levesque are not covered under the terms and provisions of the Policy;

b. that an Order enter that United has no obligation to defend or indemnify Levesque in connection with the claims asserted in the Civil Action;

c. that United be awarded its costs and attorney's fees related to this action; and

d. that such other and further relief as this Court deems just and proper be awarded.

        UNITED FINANCIAL
        CASUALTY COMPANY
        By its Attorneys
        BENGTSON & JESTINGS, LLP

        /s/Patricia A. Buckley
        PATRICIA A. BUCKLEY #2987
        40 Westminster Street, Suite 300
        Providence, RI 02903
        (401) 331-7272
        (401) 331-4404 (fx)
        pbuckley@benjestlaw.com

**THE PLAINTIFF HEREBY
DEMANDS TRIAL BY JURY**

Dated:  September 28, 2018